IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ORESTES RODRIGUEZ,
      Petitioner,

v.                       Case No.  3:09cv79/LC/CJK

FLORIDA PAROLE COMMISSION,
      Respondent.
_____

## REPORT AND RECOMMENDATION

     Before the Court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 21).  Respondent filed an answer, submitting relevant portions of the state court record. (Doc. 23).  Petitioner has replied.  (Doc. 27).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).   After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the Court show that petitioner's claims are not cognizable on federal habeas review, and that the amended petition should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

     Petitioner is a parole eligible inmate in the custody of the Florida Department

of Corrections serving a life sentence for a first degree murder petitioner committed on January 21, 1983.  (Doc. 23, Ex. B, pp. 57-67 in ECF).[1]  Petitioner received his initial parole interview on August 30, 2006.  (Ex. B, pp. 69-70 in ECF).  The hearing examiner recommended a presumptive parole release date ("PPRD") of March 1, 2008.  (*Id*., p. 71 in ECF).  The Florida Parole Commission ("FPC") rejected the hearing examiner's recommendation and established petitioner's PPRD at February 13, 2038.  (*Id*., pp. 71-74 in ECF).  The FPC calculated petitioner's PPRD as follows:

   1.  Salient Factor Score:  1=<u>0</u>, 2=<u>0</u>, 3=<u>0</u>, 4=<u>1</u>, 5=<u>0</u>, 6=<u>0</u>, 7=<u>0</u>, Total <u>1</u>

   2.   Offense Severity:  Level <u>6</u> Degree <u>Capital Felony</u> Offense <u>First Degree Murder with a Firearm, to wit:  a pistol</u> Case No. <u>83-03274</u>

   3.  Matrix Time Range:  <u>120-180</u>

   4.  <u>Aggravating</u>/Mitigating Factors:

                                                  Set at the top 180 months

       1.    The offense involved the use of a firearm.    +60 months

       2.    The offense was committed for pecuniary
             gain, in that the offender was to receive a
             promotion to the position occupied by the
             victim.                                       +180 months

       3.    In an attempt to avoid apprehension, the
             day after the crime, the subject requested
             that his green car be painted black at a body
             shop.                                         +120 months

---

[1]Hereafter, all references to exhibits will be to those provided at Doc. 23, unless otherwise noted.

> 4.    The offense involved the use of excessive
>        force in that the victim was shot five times    +120 months
>                                                          660 months

5.  Time Begins:  <u>2-13-1983</u>    6.  Months for Incarceration:  <u>660</u>.

Mitigation was considered, but was not scored for.

(Ex. B, p. 71).  Petitioner requested administrative review of the FPC's action.  (*Id.*, pp. 76-82).  The FPC granted review, but found no cause to modify its decision.  (*Id.*, p. 84 in ECF).

Petitioner sought judicial review by filing a petition for writ of mandamus in Leon County Circuit Court.  (Ex. A).  The circuit court denied relief.  (Ex. G). Petitioner sought certiorari review in the Florida First District Court of Appeal ("First DCA").  (Ex. H).  Petitioner challenged the scoring of the salient factor point and the imposition of the three aggravators, arguing that:  (1) the FPC erred by assessing a salient factor score of one point based on a finding that petitioner was between 18-25 years of age at the time of the offense which led to his first incarceration; (2) the FPC failed to demonstrate that there was sufficient evidence to justify its determination that additional aggravation was warranted based on the conclusion that petitioner committed his offense for pecuniary gain; (3) the FPC relied on a "false report" (that petitioner took his vehicle to a body shop to be painted a different color) to justify its determination that additional aggravation was warranted based on the conclusion that petitioner sought to avoid apprehension; and (4) the FPC failed to demonstrate that there was sufficient evidence to justify its determination that additional aggravation was warranted based on the conclusion that petitioner used excessive force in committing his offense.  (*Id.*).  On May 27, 2008, the First DCA found merit in two

of petitioner's arguments – those relating to the salient factor score and the pecuniary gain aggravator. *Rodriguez v. Fla. Parole Comm'n*, 984 So.2d 575 (Fla. 1st DCA 2008) (copy at Ex. L). The First DCA quashed the order denying mandamus relief and remanded to the circuit court for further proceedings consistent with the First DCA's opinion. On remand, the circuit court granted mandamus relief as to the salient factor score and the pecuniary gain aggravator, and directed the FPC to re-calculate petitioner's PPRD in a manner consistent with its order. (Ex. M). The FPC changed petitioner's salient factor score to zero and removed the pecuniary gain aggravator, resulting in a new PPRD of February 13, 2023. (Ex. N). On September 11, 2008, petitioner challenged the FPC's re-calculation by moving the circuit court for enforcement of its order. (Ex. O). The circuit court denied petitioner's motion on September 29, 2009. (Ex. P). Petitioner sought further review in the First DCA. (Ex. R). The First DCA denied relief on the merits on April 29, 2009. *Rodriguez v. Fla. Parole Comm'n*, 7 So.3d 1102 (Fla. 1st DCA 2009) (Table).

Petitioner initiated the instant federal habeas proceeding on September 18, 2008, by filing a § 2241 petition in the United States District Court for the Southern District of Florida. (Doc. 1). The Southern District transferred the case to this Court. (Doc. 14). Petitioner filed his amended petition on April 1, 2009. The amended petition presents three claims:

    (1)    the FPC violated petitioner's Fifth and Fourteenth Amendment rights to procedural due process when it imposed an aggravator for the use of excessive force (aggravator number 4 - that petitioner shot the victim 5 times), because that aggravator was cumulative to aggravator number 1 (that petitioner's offense involved the use of a firearm) and was inaccurate because the FPC failed to review petitioner's trial record "which lacked forensic evidence about what bullet(s) killed the victim." (Doc. 21, pp. 3a-3f);

(2)     the FPC violated petitioner's Fifth and Fourteenth Amendment rights to
procedural due process when it imposed aggravator number 3, because
the finding that petitioner attempted to avoid apprehension "was based
on the pyramiding of inferences and not on competent and persuasive
evidence," and because the FPC "failed to verify an affidavit from the
petitioner stating that trial transcripts reflect that petitioner's car was not
at the scene at the time the offense occurred." (*Id*., pp. 3f-3h); and

(3)     the FPC violated petitioner's Fifth and Fourteenth Amendment rights to
procedural due process when it failed to decrease the matrix time range
to 120 months after reassessing petitioner's salient factor score at zero.
(*Id*., p. 3i).

Respondent argues that the amended petition should be dismissed because
petitioner's arguments present purely state law issues that are not cognizable on
federal habeas review.  Respondent alternatively argues that the amended petition
should be denied, because the state court's rejection of petitioner's claims was
consistent with federal law and based on a reasonable determination of the facts.
(Doc. 23).  Petitioner responds that his claims implicate federal due process because
the FPC used false information and engaged in "flagrant or unauthorized action" to
establish petitioner's PPRD.  (Doc. 27, p. 3).  Petitioner further argues that the state
court unreasonably determined the facts and unreasonably applied federal law in
denying relief.  (*Id.*, pp. 7-18).

## DISCUSSION

Although petitioner filed his original and amended petitions on the § 2241
form, this proceeding is governed by both § 2241 and § 2254, because petitioner is
"in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254(a); *Thomas
v. Crosby*, 371 F.3d 782, 787-88 (11th Cir. 2004) (holding that state prisoner's habeas
petition, which was filed on the § 2241 form and which challenged the actions of a

state parole commission, was properly brought under § 2241 but subject to the rules and restrictions of § 2254).

Federal habeas relief is available to correct only constitutional injury.  28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed. 2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *Wainwright v. Goode*, 464 U.S. 78, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1983); *Barclay v. Florida*, 463 U.S. 939, 958-59, 103 S. Ct. 3418, 3429, 77 L. Ed. 2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger*, 941 F.2d 1551 (11th Cir.1991) (quoting *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983)). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

To establish a violation of the Due Process Clause, a petitioner must have been deprived of a liberty interest created by the United States Constitution or by a state. *See Am. Mfrs. Ins. Co. v. Sullivan*, 526 U.S. 40, 59, 119 S. Ct. 977, 989, 143 L. Ed. 2d 130 (1999); *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991).  In *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979), the Supreme Court held that there is no constitutional or

inherent right to parole, and that administrative decisions, however serious their impact, do not automatically invoke due process protection.  *Id*., 442 U.S. at 7; 99 S. Ct. at 2104; *see also Monroe*, 932 F.2d at 1441.  The Eleventh Circuit has ruled that Florida statutes do not create a liberty interest in parole, because the decision whether to release an inmate on parole is a matter committed to the discretion of the parole commission without the mandate of statute.  *Staton v. Wainwright*, 665 F.2d 686 (5th Cir. Unit B 1982).[2]  As the court in *Staton* explained:

> Much of the Florida statutory scheme [concerning parole] is written in mandatory terms.  That language, however, is qualified by the exercise of the Commission's discretion.  The setting of the presumptive parole release date and the decision whether that date is to become the effective parole release date are matters committed ultimately to the discretion of the Commission.  Even if the inmate's conduct has been satisfactory, Florida law specifically grants the Commission the power to authorize the effective parole release date or to deny or delay release.

> Since the decision whether to release an inmate on parole is a matter committed to the discretion of the Commission without the mandate of statute, no entitlement to or liberty interest in parole is created by the Florida statutes.

*Id*. at 688; *Hunter v. Fla. Parole & Prob. Comm'n*, 674 F.2d 847, 848 (11th Cir.1982) ("The former Fifth Circuit has held . . . that no liberty interest in parole was created by the Florida statutes.  We agree.") (citing *Staton*); *Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11th Cir. 1986) (reiterating that "[t]here is no constitutional right to parole in Florida.").  Likewise, the FPC's setting of a PPRD does not implicate a

---

[2]The Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions issued prior to October 1, 1981, and all former Fifth Circuit Unit B decisions issued after October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

liberty interest or invoke due process protection.  *Damiano v. Fla. Parole and Prob. Comm'n*, 785 F.2d 929, 932 (11ᵗʰ Cir. 1986); *Hunter*, 674 F.2d at 848 (holding that no due process violation could be shown through an allegation that the Florida Parole and Probation Commission improperly calculated prisoner's PPRD); *see also, e.g., Walker v. Fla. Parole Comm'n*, 299 F. App'x 900 (11ᵗʰ Cir. 2008) ("There is no liberty interest in the calculation of Florida's 'presumptive parole release date,' . . . because the ultimate parole decision is a matter of Commission discretion."). "Unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness." *Slocum v. Ga. State Bd. of Pardons and Paroles*, 678 F.2d 940 (11ᵗʰ Cir.1982); *O'Kelley v. Snow*, 53 F.3d 319, 321 (11ᵗʰ Cir. 1995) (same).

    Although the Eleventh Circuit once found that a state parole board's <u>admitted</u> use of false information was arbitrary and capricious and, thus, violated the Due Process Clause, *Monroe*, 932 F.2d at 1442, the Eleventh Circuit has since clarified that "prisoners cannot make a conclusory allegation regarding the use of such information as the basis of a due process claim.  Without evidence of the Board's reliance on false information, a prisoner cannot succeed."  *Jones v. Ray*, 279 F.3d 944, 946 (11ᵗʰ Cir. 2001).  *Compare Jones*, 279 F.3d at 946 (holding that district court properly dismissed prisoner's due process claim asserted in civil rights complaint, because prisoner did not come forward with any false information relied on by the Board), *and Thomas v. Sellers*, 691 F.2d 487 (11ᵗʰ Cir. 1982) ("[A]bsent flagrant or unauthorized action by a parole board the discretionary power vested in a parole board will not be interfered with by the Federal courts."), *and Slocum*, 678 F.2d at 941 (holding that prisoner did not state due process claim by simply asserting the

parole board considered erroneous information or inaccurate reports during parole consideration); *with Monroe, supra*, *and Damiano*, 785 F.2d at 932 (finding that inmate "raised a colorable due process claim with respect to the use of procedurally flawed disciplinary reports in modifying a PPRD").

In this case, petitioner frames his first and second claims as involving the use of "false information," but that is not a true characterization of his arguments. Petitioner's first claim argues that the excessive force aggravator (shooting the victim five times) is cumulative of the firearm aggravator (the use of a firearm in the commission of the offense), because "the use of a firearm causing death includes the acts of possession, brandishing, displaying, battering, striking with, and firing or attempting to fire a firearm." (Doc. 21, p. 3d).  Petitioner further argues that the excessive force aggravator is "inaccurate," because Florida regulations prohibit the FPC from using an element of the crime as an aggravating factor, (*id*., pp. 3d-3e), and because the FPC "failed to review petitioner's trial record, which lacks forensic evidence about what bullet(s) killed the victim." (*Id*., pp. 3e).  Petitioner's allegations do not suggest that the FPC knowingly and intentionally used false information, or that it engaged in "flagrant or unauthorized action."  Petitioner merely disagrees with the FPC's interpretation of the Florida Administrative Code, and the conclusions the FPC drew from information contained in petitioner's file, information which petitioner does not prove to be false.  Petitioner's Ground 1 does not raise a colorable due process claim.

Petitioner's remaining claims suffer from the same flaw.  Petitioner's second claim – that the aggravator for attempting to avoid apprehension was not based on competent and substantial evidence and that the FPC should have credited his version

of the trial evidence – does not raise a colorable claim that the FPC knowingly used false information or engaged in "flagrant or unauthorized action." Petitioner's third claim – that the FPC violated the Florida Administrative Code when it did not reduce petitioner's matrix time range after re-assessing his salient factor score at zero – merely alleges a violation of state law.

Because petitioner's claims are not cognizable on federal habeas review, the amended petition should be dismissed. *See, e.g., Hunter*, 674 F.2d 848 (holding that district court properly dismissed prisoner's § 2254 petition claiming that Florida Parole and Probation Commission violated due process by improperly calculating prisoner's PPRD); *Slocum*, 678 F.2d at 941 (holding that district court properly dismissed federal habeas petition claiming that Georgia parole board denied prisoner due process by considering erroneous information in denying parole).

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of

appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.   That the amended petition for writ of habeas corpus (doc. 21) be DISMISSED, and the clerk be directed to close the file.

2.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 5th day of December, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).